Belisario Matta, demandante y apelado, *v.* Porto Rico Railway, Light & Power Company, demandada y apelante.

No. 3535.—*Visto:* Abril 14, 1925. *Resuelto:* Julio 22, 1925.

Electricidad—Daños Causados por Corriente Excesiva—Acciones—Suficiencia de la Prueba.—Destruída una casa por fuego, se demandó a la compañía que suministraba la corriente eléctrica en reclamación de daños y perjuicios y se le condenó a pagar $3,000 en tal concepto. Examinada en apelación la prueba no objetada del demandante, *se resolvió* que, independientemente de los actos concretos y afirmativos de negligencia que se probaron, la sentencia apelada estaba sostenida por prueba de que la corriente eléctrica excesiva fué la causa del incendio, sin que, para llegar a tal conclusión, se tuviera siquiera que acudir a la doctrina *res ipsa loquitur.*

Sentencia de *Pablo Berga*, J. (Humacao), declarando con lugar la demanda, sin costas. *Confirmada.*

*J. H. Brown* y *Clemente Ruiz Nazario,* abogados de la apelante; *Arturo Aponte,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La apelante Porto Rico Railway, Light & Power Co. hizo en diciembre de 1919 una instalación eléctrica en una

casa de maderas que el apelado tenía en el pueblo de Fajardo y le suministraba corriente eléctrica para su alumbrado. Dos años después la casa fué destruída por un incendio ocurrido a media noche y habiéndose establecido este pleito en reclamación de los daños y perjuicios ocasionados por el incendio al dueño de la casa, fué condenada la apelante a satisfacerle la cantidad de $3,000 como indemnización y la compañía estableció esta apelación.

La demanda se fundó en que la instalación eléctrica fué hecha por los empleados de la demandada de una manera tan negligente y descuidada que constituía un peligro, que era ignorado por el demandante: que los alambres que discurrían junto a la casa y que eran propiedad de la demandada estaban completamente desprovistos de cubierta protectora: que al notar el demandante las deficiencias de la instalación avisó a la compañía para que hiciera las reparaciones oportunas pero la corporación demandada lejos de remediar el mal dejó pasar el tiempo hasta que la instalación eléctrica ocasionó el incendio: y que el fuego y destrucción de la casa se debió única y exclusivamente a la negligencia y descuido de la demandada al hacer la instalación aludida y al permitir que sus alambres en la instalación y por los alrededores de la casa estuviesen mal conectados y en mal estado de conservación, lo que sabía la demandada, y al no remediar el mal corrigiendo los defectos de la instalación, la que se veía desde la calle y podía ser inspeccionada por el empleado que la demandada tenía en Fajardo.

Los motivos alegados por el apelante para que revoquemos la sentencia son que la corte inferior cometió los siguientes errores: 1°, al declarar que el incendio fué ocasionado por defectos en la instalación eléctrica porque no hubo prueba de que fuese ocasionado por corriente eléctrica; 2°, al declarar que el incendio fué debido a la fuerza de corriente eléctrica que incendió los alambres de la instalación, porque no hubo alegaciones en la demanda de que el incendio se debió a una fuerza de corriente excesiva y que cual-

quier prueba que hubo para sostener tal declaración de la corte fué admitida erróneamente contra la oposición·y excepciones de la parte demandada; y 3º, que la sentencia apelada está en contra del claro peso y preponderancia de la prueba.

Para resolver el primer motivo del recurso tendremos que examinar la evidencia para decidir si hubo o nó prueba de que el incendio fué ocasionado por corriente eléctrica, haciendo constar antes que la toma de la corriente se hizo de los alambres de la compañía en un poste cercano a la casa, partiendo de allí los alambres a una esquina del balcón de la casa, penetrando en ella, instalándose varias bombillas y saliendo por la esquina trasera a un árbol de mango donde se puso otra bombilla.

La siguiente evidencia del demandante fué admitida sin la objeción de la demandada: Manuel Rosa declaró que vivía cerca de la casa quemada: que uno o dos días antes del incendio vió salir chispas donde estaba la bombilla en el árbol de mango, del sitio donde rozaba el alambre con las hojas del árbol y se lo comunicó al dueño de la casa: y que la noche del fuego éste salía por debajo del zinc que cubría el techo de la casa. El demandante declaró que vivía con su familia en la casa que se quemó: que cuando fué hecha la instalación observó que había alambres que tenían rotas algunas partes de la corteza, como roídas por ratón, y dijo al empleado que si ofrecían seguridad: que dos o tres noches antes del incendio quiso encender la bombilla de su habitación pero no dió luz ni tampoco la que estaba en el árbol, que utilizaba por las madrugadas para el ordeñado de las vacas: que a la mañana siguiente fué a la oficina de la demandada y comunicó lo ocurrido y fué enviado a la casa un empleado de la demandada nombrado Andrés, quien quitó los tapones de la instalación por estar fundidos y sin poner otros nuevos conectó los alambres directamente para que tuviera luz y ofreció volver más tarde, lo que no hizo: que esa noche notó en las bombillas una luz terrible, que se iba

y volvía y se fundieron varias bombillas; que al otro día
volvió a la oficina de la compañía e hizo saber lo que pasaba,
habiéndosele contestado que las bombillas serían de mala
calidad y compró otras que puso y que también se fundieron:
que la luz de esa noche era muy fuerte, muy brillante, y que
después de estar durmiendo fué despertado por su esposa
por el incendio y en seguida vió los alambres de la corriente
muy rojos y la madera encendida.  Doña Clementina Gon-
zález, esposa del demandante, testificó: que estando en la
cama la noche del incendio sintió como a media noche un
ruido muy fuerte y raro y como continuara se levantó y
quiso hacer luz pero no encendió la bombilla de la habitación
sino como un relámpago en el techo producido por una
chispa eléctrica: que fué a la sala y tampoco hubo luz: que
de allí fué al pasillo y vió que los alambres estaban muy
rojos: que en seguida fué a avisar a su esposo pero ya es-
taba encendida la parte de arriba: que el fuego empezó por
el plafón de la casa y que esa noche antes del incendio, notó
que la luz estaba muy fuerte, muy brillante y se fundieron
las bombillas.

No nos parece que el solo hecho declarado de que cuando
los alambres fueron puestos parecía que su cubierta estaba
roída como por ratones sea suficiente para llegar a la conclu-
sión de que la instalación fué hecha negligentemente y que
ofrecía peligro teniendo en cuenta también que durante dos
años nada ocurrió en esa instalación, pero si esas declaracio-
nes son creídas hay que llegar a la conclusión de que se ha
probado que fué la corriente eléctrica la que causó el incendio,
sin que el hecho de que estuvieran rojos los otros alambres
más próximos a la entrada de la corriente en la casa sea
suficiente para destruir tal conclusión, ni tampoco que el
demandante no presentara evidencia pericial para demostrar
la conexión que pudiera existir entre el fuego y el fenómeno
que fué visto, ni que el enrojecimiento de los alambres se
debiera a fuego en otra parte de la casa, pues contra todas
esas alegaciones existiría el hecho de que los alambres esta-

ban rojos, que el fuego comenzó en seguida por el plafón de la casa, y que los tapones o cajas de seguridad que contienen fusibles para impedir el paso de corriente excesiva habían sido quitados y que los alambres habían sido conectados directamente, por lo que no se puede sostener que no hubo prueba de que la corriente eléctrica fuera la causa del incendio, pues ni siquiera hay que acudir para esa conclusión a la doctrina *res ipsa loquitur,* pues no hay que deducir del hecho del incendio que éste fué debido a negligencia de la demandada porque se probaron actos concretos y afirmativos de negligencia.

En vista de lo expuesto y estando sostenida la sentencia por la conclusión anterior, creemos que no es necesario considerar el segundo motivo del recurso porque aún teniendo razón el apelante en que no debió admitirse evidencia respecto a corriente excesiva por no haber sido ella alegada en la demanda como causa del incendio y porque se trataba de obtener esa evidencia en repreguntas a un testigo del demandado que no había sido interrogado sobre ese extremo, aun así tal conclusión puede deducirse de los hechos declarados por los testigos del demandante cuyas declaraciones hemos extractado, pues si fueron quitados los tapones o cajas de seguridad y si habiendo sido conectados los alambres directamente se pusieron rojos y por la madera contigua a éstos comenzó el incendio, bien podemos concluir que con dichas declaraciones se probó que una corriente excesiva fué causa del incendio.

Al considerar el tercer motivo del recurso debemos hacer constar que la evidencia en este caso es fuertemente contradictoria, pues los testigos del demandado negaron que el demandante unos dos días antes del fuego hubiera estado en la oficina de la compañía a decir que las bombillas se fundían: Andrés Figueroa, indicado por el demandante como el empleado que había quitado los tapones, negó este hecho y también que hubiera conectado directamente los alambres: manifestó que la instalación estaba bien hecha, extremo que

fué confirmado por otro testigo: con la declaración del jefe
de la policía se quiso demostrar que en el momento del in-
cendio el demandante le manifestó que la corriente eléctrica
no era la causa del fuego porque su instalación estaba bien
hecha y que creía que había empezado por la letrina, donde
había un canasto de ropa usada, pero que al día siguiente
por la mañana el demandante varió porque le dijo que iba
a reclamar a la compañía porque la instalación eléctrica
era la causa del fuego, manifestación que en su primera
parte fué oída por otro testigo, empleado de la compañía que
averiguaba la causa del incendio: y porque un ingeniero
electricista de la compañía declaró que los alambres nunca
se enrojecen y que si alguien dijera que los había visto ro-
jos le diría que estaba equivocado.

A pesar de estas declaraciones no creemos que con la
evidencia del demandado la corte inferior tuviera que lle-
gar necesariamente a una sentencia contraria a la que dictó
y que no debió resolver el conflicto de la evidencia en la
forma que lo hizo.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf, disintió.